IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Abigail Armstrong,<br><br>            Plaintiff,<br><br>v.<br><br>Bellridge Apartments,<br><br>            Defendant. | No. CV-24-03452-PHX-DMF<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Plaintiff Abigail Armstrong ("Plaintiff"), who is not in custody, filed a pro se Complaint initiating this matter (Doc. 1).[1] Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2), which is a request for leave to proceed in this matter *in forma pauperis*. Subsequently, Plaintiff consented to proceed before a United States Magistrate Judge (Doc. 10).

The Court granted the Application and ordered that the matter may not proceed to service because Plaintiff's Complaint does not state a claim invoking this Court's jurisdiction (Docs. 11, 15).

---

[1] "Pro se" is a Latin term, meaning "on one's own behalf" and is commonly used to refer to persons self-representing in court. *Black's Law Dictionary* (12th ed. 2024). The right to appear pro se in a civil case in federal court is authorized by statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

1  Plaintiff was warned of undersigned's inclination to issue a Report and
2  Recommendation for dismissal without prejudice of the Complaint (Doc. 11). Plaintiff
3  was afforded an opportunity to file a First Amended Complaint in which Plaintiff could
4  attempt to cure the Complaint's deficiencies (*Id.*). Plaintiff was advised that resources for
5  pro se litigants are available on this Court's website (including free access to the Federal
6  Rules of Civil Procedure, the Federal Rules of Evidence, and the Rules of Practice of the
7  U.S. District Court for the District of Arizona which are often referred to as the Local Rules
8  of Civil Procedure and are properly abbreviated as "LRCiv") as well as the United States
9  Courts' website:

https://www.azd.uscourts.gov/

https://www.uscourts.gov/

(Doc. 11 at 6). The Court set a deadline for the filing of a First Amended Complaint (*Id.* at 7-8). The Court reminded Plaintiff of the deadline (Doc. 15). The deadline has passed without Plaintiff filing a First Amended Complaint.

Before appearances and consent of defendants, there is not full consent for a Magistrate Judge to enter dispositive orders. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Thus, pursuant to General Order 21-25, this Report and Recommendation is made to Senior United States District Judge Stephen M. McNamee.

Upon careful review, the Complaint fails to invoke this Court's jurisdiction. Therefore, as set forth below, it is recommended that this matter be dismissed without prejudice and closed.

**I.   SCREENING/REVIEW PURSUANT TO 28 U.S.C. § 1915**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed *in forma pauperis*, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (holding that 28 U.S.C. § 1915(e)

1  "applies to all in forma pauperis complaints," not merely those filed by prisoners).  Where
2  the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe
3  the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v.*
4  *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

5  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a
6  "short and plain statement of the claim showing that the pleader is entitled to relief."  A
7  complaint that lacks such statement fails to state a claim and must be dismissed.  In
8  determining whether a plaintiff fails to state a claim, the court assumes that all factual
9  allegations in the complaint are true.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480,
10 1484 (9th Cir. 1995).  However, "the tenet that a court must accept as true all of the
11 allegations contained in a complaint is inapplicable to legal conclusions [and] mere
12 conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*
13 *v. Twombly*, 550 U.S. 544, 555 (2007)).  The pertinent question is whether the factual
14 allegations, assumed to be true, "state a claim to relief that is plausible on its face."  *Id.*
15 (*citing Twombly*, 550 U.S. at 570).

16 Under the pleading standard set by the Supreme Court's decision in *Iqbal*,
17 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18 statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  A claim is plausible "when the plaintiff
19 pleads factual content that allows the court to draw the reasonable inference that the
20 defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  A
21 complaint that provides "labels and conclusions" or "a formulaic recitation of the elements
22 of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor will a complaint suffice
23 if it presents nothing more than "naked assertion[s]" without "further factual
24 enhancement."  *Id.* at 557.  Fed. R. Civ. P. 8 does not demand detailed factual allegations,
25 however, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me
26 accusation."  *Iqbal*, 556 U.S. at 678.

27 Where a complaint contains the factual elements of a cause, but those elements are
28 scattered throughout the complaint without any meaningful organization, the complaint

does not set forth a "short and plain statement of the claim" for purposes of Fed. R. Civ. P. 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

This court is a limited jurisdiction court and has no jurisdiction beyond that conferred upon it by federal statute. *Brandt v. Bay City Super Mkt.*, 182 F.Supp. 937, 939 (N.D. Cal. 1960). Fed. R. Civ. P. 8(a)(1) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction." Further, the party asserting jurisdiction bears the burden of establishing jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). As part of screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must examine whether or not the court has jurisdiction to hear the claim(s) alleged.

Moreover, the United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the Court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). Unlike state courts, federal courts only have jurisdiction over certain cases, and the district court's limited jurisdiction for civil cases most often is invoked because the case presents either a question of federal law (federal question jurisdiction) or a significant controversy between citizens of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332.

Diversity jurisdiction is inapplicable when any defendant is a citizen of the same state as Plaintiff. *See* 28 U.S.C. § 1332 (regarding diversity jurisdiction). Further, diversity jurisdiction requires that the amount in controversy exceed $75,000. *Id.*

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." The federal question jurisdiction statute, 28 U.S.C. § 1331, is applicable

only when the plaintiff sues under a federal statute that creates a right of action in federal court. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–12 (1986); *see also Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987). For example, a complaint that alleges only a federal constitutional violation is insufficient; the Court's "limited jurisdiction cannot be invoked so simplistically." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow*, 478 U.S. at 813) ("It is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'"). "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow*, 478 U.S. at 817 (quoting 28 U.S.C. § 1331).

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). When the court dismisses the complaint of a pro se litigant with leave to amend or is inclined to do so, the "court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar*, 698 F.3d at 1212 (quoting *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). The court should not, however, advise the litigant how to cure the defects; this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

. . .

. . .

- 5 -

1  **II.  THE COMPLAINT DOES NOT MEET THE REQUIREMENTS TO**
2  **PROCEED BEYOND SCREENING PURSUANT TO 28 U.S.C. § 1915**

3  The Complaint's allegations arise from Plaintiff's tenant relationship with the
4  landlord defendant (Doc. 1).  The Complaint references discrimination generally as well as
5  breach of contract and other claims, and the Complaint repeatedly cites Arizona law (*Id.* at
6  1-4).[2]  The Complaint appears to allege diversity jurisdiction (*Id.* at 1-2).  Nevertheless, the
7  Complaint does not contain sufficient allegations supporting diversity jurisdiction, federal
8  question jurisdiction, or any other jurisdiction of this Court.  *See* 28 U.S.C. §§ 1331 &
9  1332.  Indeed, Plaintiff mistakes this Court as one of general jurisdiction for the State of
10 Arizona (Doc. 1 at 2).

11 In the Complaint, Plaintiff represents that she is a resident of the State of Arizona
12 and lists as the defendant a business located in Maricopa County, Arizona, where Plaintiff
13 lives (*Id.* at 1-2).  Plaintiff does not allege facts to establish diversity jurisdiction insofar as
14 diversity of the parties' state citizenships.  *See* 28 U.S.C. § 1332(c)(1).  Also, the amount
15 in controversy stated in the Complaint is vague and inadequate for diversity jurisdiction in
16 this Court (Doc. 1 at 1-2).  Further, the Complaint does not allege a discernable basis for
17 federal question jurisdiction (*Id.* at 1-4).  The Complaint concludes:

> In end, Ms. Armstrong will elaborate as minutes persist.  Would like to remain in building until a fair hearing is had.  Ms. Armstrong would have paid rent, but is concerned about what she is investing in, and willing to negotiate, but for now feels unsafe, and understands leasing agents, and owners power of authority over their intentions together are not stipulated properly under the law in Arizona.

(*Id.* at 4).

This Court lacks jurisdiction over the matters alleged in the Complaint as drafted.
In early January 2025, the Court provided Plaintiff notice that this Court lacks jurisdiction
over the matters alleged in the Complaint as drafted, even stating that Plaintiff may "choose

---

[2] Plaintiff named her Complaint "Civil – Breach of Contract" (Doc. 1 at 1-4, bottom left corner of each page).

1  to dismiss this action pursuant to Rule 41, Federal Rules of Civil Procedure (or "Fed. R.
2  Civ. P."), and file the action in a court with appropriate jurisdiction" (Doc. 11 at 2; *see also*
3  Doc. 15).
4        Because the Complaint does not invoke the jurisdiction of this Court, this matter
5  should be dismissed without prejudice and closed.

**III.   CONCLUSION**

      Plaintiff was given notice of the deficiencies of her Complaint.  Plaintiff has had sufficient opportunity to attempt to cure the Complaint's deficiencies and has not filed a First Amended Complaint attempting to do so.  Plaintiff's Complaint fails to invoke the Court's jurisdiction.

      Accordingly,

      **IT IS RECOMMENDED** that this matter be dismissed without prejudice and closed.

      This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties shall have fourteen days within which to file responses to any objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3)

. . .

. . .

1  provides that "[u]nless otherwise permitted by the Court, an objection to a Report and
2  Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."
3       Dated this 7th day of March, 2025.

_____
Honorable Deborah M. Fine
United States Magistrate Judge